Daniel, J.
We'concur with his Honoe, on the first question-raised by the defendants. We think that the record offered in evidence did shew, that Keener had not been appointed a constable by the County Court. The record speaks thus: “Henry Keener, having been appointed constable, came into open Court and was qualified according to law.” He must be taken to have been appointed or elected a constable before that time, and that he came into open Court to be qualified according to law. The record is evidence that he had been appointed. We must understand by it that he had been elected, and elected in the manner the law directed that constables should be, that is, by the people.
*366 But We do not concur with his HoNOb on the second question. We think that the reeeipt, given by the constable to the relator, was not evidence against the defendants. The conslable is not a party to this record, and the relator might have called upon him as a witness, York v Blott, 5 M. & S. 71, and his testimony upon oath, supject to cross-examination, would have been of a higher grade of evidence than his written declarations, contained in a receipt, which was made without oath. A surety cannot, in general, be affected by evidence of an admission made by his principal; except it be a part of his contract, as that accounts kept by him shall be true. Thus, where a party became surety by a bond for the faithful conduct of a clerk, it was held, in an action upon the bond, that an admission by the clerk, made after he was discharged, of various sums which he had embezzled, was not receivable in evidence against the. surety. Smith v Whittingham, 6 Car. & P. 78. Middleton v Melton, 10 Barn. & Cress, 317. Goss v Watlington, 3 Brod. &. B. 132. McGahey v Alston, 2 Mason & Welsby, 213. So in Evans v Battie, 5 Esp. Rep. 26, Loud ElleNbobougii held, that where the defendant had guaranteed the payment for such goods, as should be delivered to C.,- the receipt for the goods, or his declaration that they had been delivered, was not admissible against the defendant; for his contract was to pay for goods delivered, and not for those C. might acknowledge to have been delivered; and therefore he had a right to have the fact proved. It is true that the admissions or declarations of an under sheriff are evidence against the high sheriff, where they accompany the official acts of the under sheriff, or tend to charge him, he being the real "party in- the cause, for he is the agent of the high Sheriff. Snowball v Godrick, 4 Barn. &. Ad. 541. Where the declarations of the under-sheriff accompany official acts,- they are in the nature of original evidence. Yabsly v Doble, 1 Ld. Ray. 190. Duke v Sykes, 7 T. R. 117, And for an injury, through any negligence of duty by the under sheriff, the high sheriff alone is responsible to the party injured. Wat *367 son on Sheriffs 33, and the cases there cited. But the law does not compel constables to receive claims for collection;' and, if he does receive them, a receipt by him is a voluntary act, and is evidence only against himself. The constable is not the agent of his sureties, like the under sheriff, who is the agent of the high sheriff. If the law had directed the principal obligor to make a declaration or admission, as an administrator to return an inventory, that would be prima facie evidence against his sureties. Chairman v Harramond, 4 Hawks 339. But this receipt is not an act of office, but merely a private paper between the parties thereto. Of itself, it proves nothing against the present defendants ; for, as far as we can know, it may have been given just before this suit brought and not at the time it bears date. We cannot know that it speaks the truth, either in respect to the period, at which it was given, or as to the fact of the constable having received the claims from the relator and undertaken to collect them. Those facts, as against the present defendants, should be proved upon oath by a witness, who might have been the constable himself or the person, who owed the debt, or any person who knew the met.
Per Curiam, Judgment reversed and new trial awarded.